**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **PANTAURUS LLC,** | |
| Plaintiff, | Case No. 1:14-cv-450 |
| v. | PATENT CASE |
| **WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., AND WELLS FARGO SECURITIES, LLC.,** | JURY TRIAL DEMANDED |
| Defendants. | |

## <u>DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Wells Fargo & Company, Wells Fargo Bank, N.A., and Wells Fargo Securities, LLC respectfully move the Court to dismiss the claims asserted against them by Plaintiff PanTaurus LLC for patent infringement.  Dismissal is warranted in this case because PanTaurus' Complaint is so factually deficient in identifying an allegedly infringing system or method that it fails to meet even the most basic pleading requirements of both the Supreme Court's *Iqbal* and *Twombly* decisions, and Form 18 for patent infringement of the Federal Rules of Civil Procedure's Appendix of Forms. PanTaurus' failure to comply with the Supreme Court's pleading requirements will unfairly prejudice Defendants, including by limiting Defendants' ability to prepare defenses, and investigating potential indemnification from third parties.  For at least these reasons, the Court should dismiss PanTaurus' Complaint.

## FACTUAL BACKGROUND

PanTaurus filed the present suit against Defendants on September 2, 2014.  (Complaint,

Dkt. No. 1.)  Count I of the Complaint purports to assert a claim against Defendants for direct

infringement of "at least claim 29" of U.S. Patent No. 6,272,533 (the "'533 patent").  (*Id.* at ¶17.)

Claim 29 states:

> 29.   A digital computer system comprising:
> a first system bus;
> a second system bus
> a first processor connected to said first system bus;
> a second processor connected to said second system bus;
> a data storage device connected to said first and second
>         system buses for selectively operating in a plurality of
>         operating modes so as to access said data storage
>         device; and
> a switch operable to selectively enable and disable at least
>         one of said operating modes, said switch controllable
>         by means distinct and separate from at least one of said
>         processors whereby said one processor is inhibited
>         from controlling said operation of said switch.

(Complaint, Ex. A (the '533 patent) at 15:51-65.)

Paragraphs 17 and 18 of the Complaint provide the extent of information about what

PanTaurus believes are Defendants' infringing systems and methods.  (Complaint at ¶¶17-18.)

In Paragraph 17 PanTaurus accuses Defendants of "making, having made, and/or using secure

computer systems covered by one or more claims of the '533 Patent, including without limitation

digital computer systems comprising one or more Hadoop-compatible file systems (the 'Accused

Instrumentalities')."  (*Id.*  at ¶17.)  In what appears to be an attempt to further identify the

Accused Instrumentalities, PanTaurus states: "A Hadoop distributed filed system, often referred

to by the acronym 'HDFS,' is a distributed file system that includes computer hardware (*e.g.*,

servers and memory) and computer software for performing program functions."  (*Id.*)

In Paragraph 18, PanTaurus alleges that "Defendants operate the components of the Accused Instrumentalities, including without limitation buses, processors, a data storage device, and a switch." (*Id.* at ¶18.)

PanTaurus has failed to provide sufficient information about the Accused Instrumentalities beyond that they apparently are distributed file systems including computer hardware and software.  Paragraph 18 of the Complaint does not remedy these deficiencies as it merely provides a conclusory allegation that Defendants practice the limitations of Claim 29.

## PANTAURUS' COMPLAINT SHOULD BE DISMISSED

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss, the claim for relief must be "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully."  *Id.*

Compliance with Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure satisfies the notice pleading requirements for direct patent infringement.  *E.g. K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,714 F.3d 1277, 1283 (Fed. Cir. 2013).  Form 18 states:

(Caption—See Form 1.)

1.  (Statement of Jurisdiction—See Form 7.)

2.  On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*.  The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.

3.  The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

3

    4.  The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all _electric motors_ it manufactures and sells and has given the defendant written notice of the infringement.

Therefore, the plaintiff demands:

       (a) a preliminary and final injunction against the continuing infringement;

       (b) an accounting for damages; and

       (c) interest and costs.

(Date and sign—See Form 2.)

Fed. R. Civ. P. Form 18.  Form 18, however, does not relax the requirement "that a potential infringer be placed on notice of what activity or device is being accused of infringement."  *K-Tech*, 714 F.3d at 1284.

This Court has instructed that when a concrete, tangible invention is at issue, such as an "electric motor," identification of a product or a category of products is likely to satisfy Form 18; however, cases involving more nebulous, less tangible inventions require a greater degree of specificity to put a defendant on notice.  *Effectively Illuminated Pathways LLC v. Aston Martin Lagonda*, No. 6-34, 2011 U.S. Dist. LEXIS 155952 at *14 (E.D. Tex. Sept. 29, 2011); *see also K-Tech*, 714 F.3d at 1286 ("The adequacy of the facts pled depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the defendant's business activities.")

In *Landmark Technology, LLC v. Aeropostale, Inc.* this Court held that without further context a complaint for patent infringement that stated allegations against multiple defendants directed to "electronic commerce systems" failed to notify the defendants what they must defend and dismissed the complaint for failure to state a claim.  No. 6-262, 2010 U.S. Dist. LEXIS 136568 at *11, 13 (E.D. Tex. Mar. 29, 2010).  Similarly, in *Prism Technologies, LLC v. AT&T*

*Mobility*, LLC the District of Nebraska held that a complaint alleging patent infringement by AT&T's "wireless products" was so broad that it failed to satisfy even the basic requirements of Form 18.  No. 8-122, 2012 U.S. Dist. LEXIS 126630 at *12 (D. Neb. Sept. 6, 2012).  The court stated that the allegations directed toward "wireless products" were "considerably more generic than the term 'electric motor' as identified in Form 18" and were so vague as to encompass "essentially AT&T's entire business, leaving AT&T with no notice as to how it allegedly infringes."  *Id.*  There too, the court dismissed the complaint for failure to state a claim.  *Id.* at *15-16.

Like in *Landmark* and *Prism*, PanTaurus' Complaint is so vague and potentially all-encompassing of Defendants' computer systems that it fails to place Defendants on notice of what they must defend.  Here, the Accused Instrumentalities are not simply tangible, easily-identifiable products as identified in Form 18.  According to the Complaint, the Accused Instrumentalities are "digital computer systems comprising one or more Hadoop-compatible file systems." (Complaint at ¶17.)  Such file systems allegedly include both "computer hardware. . . and computer software for performing program functions."  (*Id.*)  Far from the "electric motor" of Form 18, the Accused Instrumentalities appear to involve both tangible sub-components of multiple, unidentified, dispersed digital computer systems, and some intangible, nebulous components such as computer software to perform unidentified program functions.  In the present context, even Form 18 requires a greater degree of specificity to place Defendants on notice of what must be defended.

Furthermore, it is not even clear from the Complaint whether each named Defendant is accused of operating the same or separate instrumentalities.  Wells Fargo & Company, Wells Fargo Bank, N.A., and Wells Fargo Securities, LLC are three separate companies that perform

different business functions, own separate computer hardware, and operate different software.  It is not clear as to each Defendant which business functions are implicated, which hardware is used, and which software is operated in the alleged infringement.  Like in *Landmark*, the same generic allegations, uniformly-directed to each Defendant, fail to notify each particular Defendant what they must defend.

Paragraph 18 of the Complaint does not remedy the deficiencies of Paragraph 17: it is essentially a mere recitation of the limitations of Claim 29.  (Complaint at ¶18.)  But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" need not be accepted as true, and are insufficient to support a proper complaint.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  The conclusory allegations that Defendants practice the limitations of Claim 29, without any reference to actual systems or activities, provide no meaningful notice as to what must be defended.

The allegations of the Complaint do not comport with Form 18, and fall well-short of the Supreme Court's plausibility standard described in *Iqbal*.  On the pled facts, Defendants are unable to determine what they are accused of infringing and are unable, among other things, to adequately prepare defenses, and investigate potential indemnification from third parties.  As PanTaurus' Complaint fails to meet the Supreme Court's pleading standard, it should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss PanTaurus' Complaint.

Dated:  November 17, 2014     */s/ Douglas J. Williams*
             J. Derek Vandenburgh (MN Bar No. 224145 )
             Douglas J. Williams (MN Bar No. MN 117,353)
             Tara C. Norgard (MN Bar No. 307,683)
             Alexander S. Rinn (MN Bar No. 395616)
             CARLSON, CASPERS, VANDENBURGH,
             LINDQUIST & SCHUMAN
             225 South Sixth Street, Suite 4200
             Minneapolis, Minnesota 55402
             Telephone:  (612) 436-9600
             Facsimile: (612) 436-9605
             dvandenburgh@carlsoncaspers.com
             dwilliams@carlsoncaspers.com
             tnorgard@carlsoncaspers.com
             arinn@carlsoncaspers.com
             ***Attorneys for Defendants***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 17th day of November, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*<u>/s/ Douglas J. Williams</u>*
Douglas J. Williams