**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **PANTAURUS LLC,** | |
| Plaintiff, | Case No. 1:14-cv-450 |
| v. | **PATENT CASE** |
| **WELLS FARGO & COMPANY,** *et al.***,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE
WELLS FARGO DEFENDANTS' MOTION TO DISMISS**

Plaintiff PanTaurus LLC ("PanTaurus") files this Response in Opposition to the Motion

to Dismiss under Rule 12(b)(6) (Dkt. No. 16) filed by Defendants Wells Fargo & Company,

Wells Fargo Bank, N.A., and Wells Fargo Securities, LLC,[1] and in support thereof shows the

Court as follows:

**INTRODUCTION**

In compliance with Form 18 of the Federal Rules of Civil Procedure's Appendix of

Forms and relevant case law, PanTaurus's Complaint against the Wells Fargo Defendants

sufficiently identifies the Accused Instrumentalities ("digital computer systems comprising one

or more Hadoop-compatible file systems") and specifies that its claim of infringement is asserted

against all of the Wells Fargo Defendants ("***Defendants*** have infringed and continue to directly

infringe …").   PanTaurus even goes a couple of steps beyond the necessary pleading

requirements by providing further descriptive information regarding the Accused

Instrumentalities and identifying certain components of the Accused Instrumentalities.  Because

---

[1] Just prior to filing this Response, PanTaurus has filed a Notice of Voluntary Dismissal of Defendant
Wells Fargo & Company.  The remaining defendants, Wells Fargo Bank, N.A., and Wells Fargo
Securities, LLC, are referred to collectively as the "Wells Fargo Defendants."

PanTaurus's Complaint meets all relevant pleading requirements for direct infringement, the Wells Fargo Defendants' Motion to Dismiss should be denied.

## FACTUAL BACKGROUND

In its Complaint, PanTaurus accuses the Wells Fargo Defendants of direct infringement of at least Claim 29 of U.S. Patent No. 6,272,533 (the "'533 Patent").  *See* Dkt. No. 1, at ¶17. The '533 Patent is attached to the Complaint as Exhibit A.  *See* Dkt. No. 1-1.  The '533 Patent generally relates to secure computer systems.

Claim 29 of the '533 Patent reads as follows:

> 29.     A *digital computer system* comprising:
> a first system *bus*;
> a second system *bus*;
> a first *processor* connected to said first system bus;
> a second *processor* connected to said second system bus;
> a *data storage device* connected to said first and second system buses for selectively operating in a plurality of operating modes so as to access said data storage device; and
> a *switch* operable to selectively enable and disable at least one of said operating modes, said switch controllable by means distinct and separate from at least one of said processors whereby said one processor is inhibited from controlling said operation of said switch.

*See* '533 Patent at col. 15:51-65 (emphasis added).

PanTaurus's allegations of direct infringement that are most directly implicated by the Wells Fargo Defendants' Motion to Dismiss are contained in Paragraphs 17 and 18.  Those paragraphs read as follows:

> 17.     Upon information and belief, Defendants have infringed and continue to directly infringe one or more claims of the '533 Patent, including at least claim 29, by making, having made and/or using secure computer systems covered by one or more claims of the '533 Patent, including without limitation digital computer systems

comprising one or more Hadoop-compatible file systems (the "Accused Instrumentalities"). A Hadoop distributed file system, often referred to by the acronym "HDFS," is a distributed file system that includes computer hardware (*e.g.*, servers and memory) and computer software for performing program functions.

18. Upon information and belief, Defendants operate the components of the Accused Instrumentalities, including without limitation buses, processors, a data storage device, and a switch.

 *See* Complaint, Dkt. No. 1 at pp. 3-4.

Concurrently with the filing of its Complaint against the Wells Fargo Defendants, PanTaurus initiated 11 other Complaints in this Court against various defendants, based on Hadoop-compatible file systems. To date, none of the other Defendants have filed Rule 12(b)(6) motions challenging PanTaurus's complaints or otherwise complained that they cannot understand PanTaurus's allegations. *See* Dockets in Case Nos. 1:14-cv-439 through -449.

## ARGUMENT AND AUTHORITIES

### A.    Relevant Legal Standards

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss is purely procedural, therefore, the law of the regional circuit, rather than the Federal Circuit, applies. *McZeal v. Sprint Nextel Corp.*, 504 F.3d 1354, 1357 (Fed. Cir. 2007). In the Fifth Circuit, motions to dismiss are not viewed with favor. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a).  Detailed factual allegations are not required, but the plaintiff must plead facts sufficient to state a claim for relief that is "plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face when the facts pleaded, accepted as true, allow the Curt to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Federal Circuit has specifically held tha the Forms contained in the Federal Rules of Civil Procedure Appendix of Forms are sufficient to state a claim, and that, to the extent that *Iqbal* and *Twombly* seem to conflict with a Form, the Form controls.  Whether "complaints adequately plead direct infringement is to be measured by the specificity required by Form 18." *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1334 (Fed. Cir. 2012); *see also Lunareye, Inc. v. Gordon Howard Assocs., Inc.*, Case No. 9:13-cv-191, Dkt. No. 44, at pp. 3-4 (E.D. Tex. Dec. 13, 2013) (Clark, J.) (attached as Exhibit A).

Form 18 requires that a properly-pleaded complaint for direct patent infringement must set out: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent;' (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages."  *K-Tech Telecom., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (quoting *McZeal*, 501 F.3d at 1357); *see also Lunareye*, Slip Op. at p. 4.

Here, the Wells Fargo Defendants contend that PanTaurus's allegations of direct infringement do not satisfy the third element of Form 18.  In this respect, Form 18 essentially requires only that a complaint alleging direct infringement specify: (1) the asserted patent; and (2) a general description of the allegedly infringing product.  *Innovative Automation LLC v.*

*Vudu, Inc.*, Case No. 2:13-cv-1109, Dkt. No. 32, at p. 4 (E.D. Tex. Aug. 19, 2014) (Gilstrap, J.) (attached as Exhibit B).  The plaintiff need not deliver detailed infringement contentions at this stage of the proceedings.[2]  *Id.* at p. 3.  There is no heightened pleading requirement for system patent claims.  *Uniloc USA, Inc. v. Activision Blizzard, Inc.*, Case No. 6:13-cv-256, Dkt. No. 181, at p. 4 (E.D. Tex. Mar. 21, 2014) (Davis, J.) (attached as Exhibit C).

**B.      PanTaurus's Complaint Easily Satisfies the Relevant Standards**

Here, PanTaurus has clearly provided in its Complaint "a general description of the allegedly infringing product" by specifically identifying Hadoop-compatible file systems as the Accused Instrumentalities.  This is not a generic description, like "electronic commerce systems" in the *Landmark* case cited by the Wells Fargo Defendants or "wireless products" in the *Prism* case.  *See* Motion to Dismiss at pp. 4-5.  Rather, the accused Hadoop-compatible file systems represent a specific type of digital computer system.[3]  This allegation alone would be sufficient for PanTaurus to satisfy Form 18 and the relevant pleading requirements.

To help further clarity its infringement allegations, however, PanTaurus went several steps further by noting that (1) Hadoop distributed file systems are often referred to by the acronym "HDFS"; (2) that they include computer hardware (*e.g.*, servers and memory) and computer software for performing program functions; and (3) that components of the Accused Instrumentalities include buses, processors, a data storage device, and a switch.  This third portion is particularly descriptive because it both (a) identifies specific components of the

---

[2] Here, PanTaurus has actually provided the Wells Fargo Defendants with a preliminary claim chart for settlement evaluation purposes only, subject to confidentiality restrictions and Fed. R. Evid. 408, in connection with PanTaurus's Early Settlement Program.  The Wells Fargo Defendants' Motion to Dismiss is particularly ironic in light of the fact that they already have this preliminary claim chart.

[3] Although not necessary to resolve this Motion, PanTaurus submits that this is a term of art in the relevant field and is readily understood by persons in the IT field, particularly those working with "big data" of the sort maintained and managed by Wells Fargo.

accused systems; and (b) ties those components to the elements of Claim 29 of the '533 Patent.

With these allegations, PanTaurus has more than satisfied Form 18 and the relevant pleading

requirements and put the Wells Fargo Defendants on sufficient notice of what is accused in this

case.

### CONCLUSION

For the reasons set forth herein, Plaintiff PanTaurus respectfully requests that the Court

deny the Wells Fargo Defendants' Motion to Dismiss and grant PanTaurus such other and further

relief to which it is entitled.[4]


Dated: December 4, 2014                              Respectfully submitted,


                                                      */s/ Craig Tadlock*
                                                     Craig Tadlock
                                                     State Bar No. 00791766
                                                     John J. Harvey, Jr.
                                                     State Bar No. 09179770
                                                     Keith Smiley
                                                     State Bar No. 24067869
                                                     **TADLOCK LAW FIRM PLLC**
                                                     2701 Dallas Parkway, Suite 360
                                                     Plano, Texas 75093
                                                     903-730-6789
                                                     craig@tadlocklawfirm.com
                                                     john@tadlocklawfirm.com
                                                     keith@tadlocklawfirm.com

                                                     *Attorneys for Plaintiff PanTaurus LLC*

---

[4] If the Court is inclined to grant the Wells Fargo Defendants' Motion to Dismiss, PanTaurus respectfully requests leave to amend its complaint within 14 days of the Court's order on the Motion.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 4, 2014.

 */s/ Craig Tadlock*
Craig Tadlock